UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

ANDREAS GRIGORIOU, on behalf of himself and others          Civil Action No.:
similarly situated,

                                    Plaintiff,

                                                             **COLLECTIVE**
          -against-                                          **ACTION COMPLAINT**

STEEL PAN LLC, 447 3RD AVE FOOD CORP.,
449 RESTAURANT INC. and JOHN CAPITANOS                       **JURY TRIAL REQUESTED**
a/k/a JOHN KAPETANOS,

                                    Defendants.

---------------------------------------------------------------------------X

        Plaintiff, Andreas Grigoriou ("Plaintiff"), on behalf of himself and others similarly

situated, by his attorneys, Law Offices of Yale Pollack, P.C., as and for his Complaint against

Defendants, Steel Pan LLC, 447 3rd Ave Food Corp., 449 Restaurant Inc., and John Capitanos

a/k/a John Kapetanos (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action, on behalf of himself and other current and former

employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended,

29 U.S.C. §§201 *et seq.* (the "FLSA").  Plaintiff seeks, for himself and other similarly situated

employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other

appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable

federal law.

        2.      Plaintiff also brings this action to remedy violations of New York State Labor Law,

including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R.

§142-2.2.  Plaintiff seeks unpaid wages, statutory damages, pre- and post- judgment interest,

reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4.      Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Southern District and the residence of Defendants are within the Southern District.

## PARTIES

6.      Plaintiff is an individual who resides in the County of Clark, State of Nevada.

7.      At all relevant times set forth herein, Plaintiff worked in the County of New York, State of New York.

8.      Upon information and belief, Defendant Steel Pan LLC ("SP") is a domestic limited liability corporation with its principal place of business located at 447 3rd Avenue, New York, New York 10016.

9.      SP operated Greek restaurants located in New York City, including Ethos and Eros.

10.     Upon information and belief, Defendant 447 3rd Ave Food Corp. ("447") is a domestic limited liability corporation with its principal place of business located at 447 3rd Avenue, New York, New York 10016.

11.     447 operated Greek restaurants located in New York City, including Eros Meze.

2

12.     Upon information and belief, Defendant 449 Restaurant Inc. ("449") is a domestic corporation with its principal place of business located at 447 3rd Avenue, New York, New York 10016.

13.     449 operated Greek restaurants located in New York City, including Eros Meze and Meze Mazi.

14.     Upon information and belief, SP and 447 have been dissolved.

15.     Upon information and belief, after the dissolution of SP and 447, 449 as continuation of SP and 447.

16.     For example, 449 used the same employees and facilities as SP and 447, and the companies used their names interchangeably, sometimes identifying itself/themselves as "Eros," "Eros Meze" and "Meze Mazi."

17.     Upon information and belief, Defendant John Capitanos a/k/a John Kapetanos ("Capitanos") is an owner, member and/or officer of SP, 447 and 449 (the "Corporate Defendants").

18.     At all relevant times mentioned herein, Capitanos had the power to hire, fire, and control the wages and working conditions of Plaintiff and the FLSA Collective Plaintiffs.

19.     Capitanos had authority to, and did in fact, exercise operational control over the Corporate Defendants.

20.     Capitanos set the manner by which Plaintiff and the FLSA Collective Plaintiffs were to be paid while employed by the Corporate Defendants.

21.     The Corporate Defendants' managers reported to Capitanos.

22.     At all times relevant, Defendants were covered by the FLSA and the NYLL.

23.     Defendants maintained a common policy and practice of, *inter alia*, not paying

employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

24.     At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

25.     Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

26.     At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

27.     Plaintiff was employed by Defendants, where he worked as a server at their various restaurants from approximately 2014 until March 2021.

28.     Initially, Plaintiff worked for SP at a restaurant called "Ethos," located at 495 3rd Avenue, New York, New York.

29.     Then, while still operating under SP, the restaurant name was changed to "Eros" and it moved locations to 447 3rd Avenue, New York, New York.

30.     At some point, SP is taken over by 447 although there was no change in location, personnel or services provided (i.e. Greek food).

31.     Thereafter, Plaintiff continued to work for 447 as a server at "Eros."

32.     At some point, 449 is taken over by 449 although there was no change in personnel or services provided (i.e. Greek food).  The only change was that the restaurant moved next door.

33.     Upon information and belief, Plaintiff worked for 449 for some period of time, but it is unknown when because Plaintiff never received proper wage statements during his

employment as required under the NYLL.

34.     Throughout his employment with Defendants, Plaintiff worked seven days per week.

35.     For five days a week, Plaintiff would work double shifts from 11:00 a.m. until 11:00 p.m.

36.     For the remaining two days a week, Plaintiff would work a single shift from 5:00 p.m. until 11:00 p.m.

37.     In exchange for his services, Defendants only allowed Plaintiff to receive the tips from patrons of the restaurants as his compensation.

38.     Defendants never provided Plaintiff with an hourly wage at any time during his employment.

39.     In fact, Plaintiff was even required to share his tips with bussers and runners at the restaurants, depriving him of even additional income to which he is entitled.

40.     Defendants also failed to provide notice  to Plaintiff and the FLSA Collective Plaintiffs (or any other employees) regarding  their  rights under the FLSA or the NYLL.

41.     If an employee of Defendants ever questioned the compensation structure at the Corporate Defendants, Capitanos would simply say "if you do not like it then leave."

42.     A more precise statement of the hours Plaintiff and the FLSA Collective Plaintiffs worked, and wages Plaintiff and the FLSA Collective Plaintiffs received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the NYLL.

43.     On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative collective members should be tolled due to the failure to

provide appropriate and required notice of the law.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings Counts One and Two as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and others similarly situated, which shall include:

> All servers who work or worked for Defendants three (3) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

45.     At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to timely pay them the legally required minimum and overtime wages for all hours worked and misappropriating their tips.

46.     Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other tipped employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

47.     Counts One and Two are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA.  The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Section 216(b) of the FLSA.

**COUNT ONE**
**(Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of
Himself and the FLSA Collective Plaintiffs)**

48.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

49.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

50.    Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs at least the applicable minimum wage rates for all hours worked.

51.    Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

52.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

53.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

54.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

55.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

56.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT TWO**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of**
**Himself and the FLSA Collective Plaintiffs)**

57.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

59.     During his employment, Plaintiff and the FLSA Collective Plaintiffs regularly worked overtime, without receiving any premium pay for hours worked in excess of forty per workweek.

60.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages to which she is entitled.

61.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT THREE**
**(Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff)**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

8

64.     At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

65.     Defendants have failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

66.     Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the full minimum wage at a rate in New York City to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

67.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

68.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FOUR
**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff)**

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

71.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

9

72.    At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

73.    Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

74.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

75.    Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

76.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FIVE
### (Failure to Pay Spread of Hours – NYLL, Brought by Plaintiff)

77.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.    During his employment, Plaintiff frequently worked a spread of more than ten hours in a workday.

79.    Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

10

80.    Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

81.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

<u>**COUNT SIX**</u>
**(Wage Notice Violations – NYLL, Brought by Plaintiff)**

82.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

83.    Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

84.    Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

85.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

## COUNT SEVEN
### (Wage Statement Violations – NYLL, Brought by Plaintiff)

86.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

87.     Defendants failed to furnish Plaintiff with a statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

88.     Due to Defendants' violations of NYLL §195(3), Plaintiffs IS entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## JURY DEMAND

Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

## BCL §630 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630, Plaintiff hereby advises that it intends to hold the Corporate Defendants' top ten shareholders and/or members liable for

the unpaid wages referenced herein.  Further, Plaintiff demands that the Corporate Defendants permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and behalf of himself and the FLSA Collective Plaintiffs prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.     Awarding Plaintiff and similarly situated co-workers damages for the amount of unpaid wages under the FLSA and/or the NYLL, including unpaid minimum wages, overtime wages spread of hours, and gratuities;

C.     Awarding Plaintiff and similarly situated co-workers liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

D.     Awarding pre- and post-judgment interest as permitted under the law;

E.     Awarding the costs of this action together with reasonable attorneys' fees; and

F.      Granting such other and further relief as this Court deems necessary and proper.

Dated: March 31, 2023
         Syosset, New York

                              Respectfully submitted,
                              **LAW OFFICES OF YALE POLLACK, P.C.**


                              By: */s/ Yale Pollack*
                                     Yale Pollack, Esq.
                              66 Split Rock Road
                              Syosset, New York 11791
                              (516) 634-6340
                              ypollack@yalepollacklaw.com
                              *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

14